UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANTHONY RAY BROWN, | ) | Civil Action No.: 4:15-cv-0711-BHH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| -vs- | ) | |
| | ) | |
| | ) | |
| DILLON COUNTY, DILLON COUNTY | ) | |
| SHERIFF'S OFFICE, MAJOR HULON, | ) | |
| in his official capacity as Sheriff, and | ) | |
| RANDY TYLER, in his individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

This action, which was removed from the Dillon County Court of Common Pleas, alleges both federal and state law causes of action arising out of an arrest. Presently before the court is Defendants' Motion to Enforce Settlement (Document # 23). Plaintiff has not filed a response to this motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(f), DSC. This report and recommendation is entered for review by the district judge.

**II.     FACTS**

As noted above, Plaintiff has not responded to this motion. The evidence submitted by Defendants reveals that on July 13, 2015, Plaintiff's counsel wrote Defendants' counsel in an attempt to settle this matter: "After speaking with my client, I am prepared to offer a full release in exchange for ten thousand dollars ($10,000.00)." Ex. 1 to Def. Motion. Upon receipt of this letter Defendants' counsel initiated settlement discussions via electronic mail. Ex. 2 to Def. Motion. In the exchange, Plaintiff's counsel indicated on July 15, 2015, that he "spoke to [his] client and he will settle for

$8,000.00." On July 17, 2015, Defendants' counsel memorialized through email a phone conversation during which counsel for Plaintiff indicated that Plaintiff agreed to settle his claims for $4,500.00. Ex. 3 to Def. Motion. The settlement email requested further information from Plaintiff to include the necessary tax identification numbers as well as how the settlement proceeds check was to be made payable.

After receiving the requested information from Plaintiff's counsel, Defendants wrote Plaintiff's counsel on August 18, 2015, and enclosed a settlement check in the amount of $4,500.00 payable to Anthony Brown and Axelrod and Associates, PA, as his attorneys, a Release and Indemnification Agreement to be signed by Plaintiff, and a Stipulation of Dismissal with Prejudice to be signed by Plaintiff's attorney. Ex. 4 to Def. Motion.

In a telephone conversation on September 24, 2015, Plaintiff's counsel told Defendants' counsel that Plaintiff was no longer interested in settling this matter. By letter dated September 25, 2015, counsel for Plaintiff stated that "my client has indicat[ed] he is no longer interested in settling this matter," and included a check from counsel's IOLTA account in the amount of $4,500.

## III.   DISCUSSION

In the Fourth Circuit[1], "[o]nce a settlement agreement is reached, a district court judge

---

[1] This court has jurisdiction over this action due to diversity of citizenship pursuant to 28 U.S.C. § 1332. The Fourth Circuit has found that federal law governs the enforceability of settlement agreements reached in federal cases. Gamewell Manufacturing, Inc. v. HVAC Supply, Inc., 715 F.2d 112, 116 (4th Cir. 1983). In Gamewell, the Fourth Circuit stated that
> [s]ettlements and releases assertedly entered into in respect of federal litigation already in progress implicate federal procedural interests distinct from the underlying substantive interests of the parties. Once a claim—whatever its jurisdictional basis—is initiated in the federal courts, we believe that the standards by which that litigation may be settled, and hence resolved short of adjudication on the merits, are preeminently a matter for resolution by federal common law principles, independently derived.

Id. at 115.

possesses 'the inherent authority to enforce a settlement agreement and to enter judgment based upon an agreement without a plenary hearing.'" U.S. ex rel McDermitt, Inc. v. Centex-Simpson Const. Co., 34 F. Supp. 2d 397, 399 (N.D.W.Va. 1999) (citing Petty v. The Timken Corp., 849 F.2d 130, 132 (4th Cir.1988)), aff'd sub nom. United States v. Centex-Simpson Const., 203 F.3d 824 (4th Cir. 2000); Young v. F.D.I.C., 103 F.3d 1180, 1194 (4th Cir. 1997).  "[T]he court cannot enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of the agreement." Hensley v. Alcon Laboratories, Inc., 277 F.3d 535, 540 (4th Cir.2002).

Here, it is undisputed that counsel for Plaintiff initiated settlement discussions and the parties ultimately reached an agreement to settle this case for $4,500.[2]  There is no evidence that Plaintiff did not agree to settle the case for $4,500.  Rather, the record reveals that counsel for Plaintiff deposited the check with the settlement proceeds, but then later informed Defendants' counsel that "my client has indicat[ed] he is no longer interested in settling this matter."  However, "[h]aving second thoughts about the result of a settlement agreement does not justify setting aside an otherwise valid agreement." Young, 103 F.3d at 1195 (citing Petty v. Timken Corp., 849 F.2d 130, 133 (4th Cir.1988)).  Further, Defendants have set forth the terms of the settlement agreement in the record and Plaintiff has failed to dispute that these were, indeed, the terms of the settlement.  For these reasons, Defendants' motion should be granted.

---

[2]Attorneys must have actual or apparent authority to settle a case on behalf of their client. See Auvil v. Grafton Homes, Inc., 92 F.3d 226, 230 (4th Cir. 1996).  The record reveals that counsel for Plaintiff initiated settlement discussions, he indicated in his emails to defense counsel that he would have to discuss their counter-offers with his client prior to agreeing to a settlement, and that he informed defense counsel that Plaintiff agreed to settle the case for $4,500.   Thus, it appears that counsel had at least apparent authority to settle the case.  Also, as set forth above, because this motion is unopposed, Plaintiff has not argued that his counsel did not have authority to settle this matter.

IV.     CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Enforce Settlement (Document # 23) be granted.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 24, 2015
Florence, South Carolina